## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LORI PADILLA,

       Plaintiff,

vs.                                  No. CIV 08-1110 JB/CEG

WALGREEN HASTINGS CO.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Timely Serve, filed May 26, 2009 (Doc. 3). The Court held a hearing on July 14, 2009. The primary issue is whether the Court should dismiss the suit for failure to timely serve when Plaintiff Lori Padilla formally served her Complaint on Defendant Walgreen Hastings Co. ("Walgreen") approximately forty days after the 120-day deadline for service and when the statute of limitations ran during the forty days after the 120-day deadline for service of process. Although Padilla has not shown good cause for the delay in service of process, the Court will excuse the failure to timely serve and will grant her an extension to complete service because various factors counsel against dismissal. The Court will therefore deny the motion to dismiss for failure to timely serve.

## FACTUAL BACKGROUND

The facts giving rise to this lawsuit are largely irrelevant to the disposition of this motion. Padilla states in her Complaint that she was hired to work in the pharmacy at the Walgreen store in Ruidoso, New Mexico in December 2002. See Complaint for Employment Discrimination, Sexual Harassment and Punitive Damages ¶ 3, at 1, filed November 28, 2008 (Doc. 1)("Complaint"). She

alleges that, after she began working at Walgreen, a pharmacist working there subjected her to repeated offensive sexual comments and conduct, including touching her legs and buttocks, making overtly sexual comments, and giving her sexually explicit gifts. See id. ¶ 4, at 1. She also states that, when she reported the activity to her store manager, the store manager and the assistant manager began to retaliate against her. See id. ¶¶ 6-9, at 2.

Padilla states that, as a result of these events, she filed a charge of sexual harassment with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Department of Labor in December 2006. See id. ¶ 11, at 2. She asserts that she received her Notice of Right to Sue on September 4, 2008. See id. ¶ 16, at 3.

## PROCEDURAL BACKGROUND

Padilla filed her Complaint on November 26, 2008, on the eighty-third day of the ninety-day statute-of-limitations period for her claim. Under rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff has 120 days after filing a complaint to serve a defendant with the complaint and a summons. See Fed. R. Civ. P. 4(m).

Walgreen asserts that Padilla "delayed service until May 4, 2009, roughly 40 days after the expiration of the 120-day deadline." Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint for Failure to Timely Serve at 2, filed May 26, 2009 (Doc. 4)("Brief"). Padilla does not dispute that May 26, 2009 represents the date upon which she effectuated service of process. She notes, however, that she served summons on Walgreen's registered agent by certified mail, return receipt requested, on December 11, 2008 and requested that Walgreen waive formal service of summons. See Exhibit 1 to Motion to Impose Costs and Attorney's Fee[s] Pursuant to Rule 4(d)(2), Request for Waiver of Summons at 1, dated December 11, 2008 (Doc. 6-2). Padilla states that, after

-2-

receiving a return receipt showing that Walgreen's registered agent had received the package,[1] she waited for several months to see if Walgreen would waive formal service. See Motion to Impose Costs and Attorney's Fee[s] Pursuant to Rule 4(d)(2) ¶ 5, at 2. When it became apparent that Walgreen would not voluntarily enter the law suit, Padilla effectuated formal service. See id. Walgreen does not dispute this series of events.

Walgreen's asserts that, because there is no dispute that formal service did not occur until nearly forty days after the 120-day deadline established in rule 4(m), the Court must dismiss the Complaint. See Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint for Failure to Timely Serve at 2, filed May 26, 2009 (Doc. 4)("Brief"). Walgreen also argues that Padilla has not shown good cause why the Court should not dismiss the Complaint. See id. at 2-3. According to Walgreen, "Plaintiff's neglect in serving Walgreen until more than five months after filing her Complaint shows utter disregard for the rules which govern this Court." Id. at 4.

Walgreen also contends that, because the statute of limitations ran seven days after the expiration of the 120-day deadline for service of process, the Court should dismiss the Complaint with prejudice. See id. at 6. While Walgreen acknowledges that the Court has discretion to dismiss the case for failure to timely serve where the statute of limitations would bar refiling, Walgreen insists that it would be an abuse of discretion and a "perversion of Rule 4(m)" for the Court to extend the time for service of process under the facts of this case. Brief at 6.

Finally, Walgreen asserts a policy argument to support its motion to dismiss. In Walgreen's view, to extend the time for service in this case would provide Padilla with "a procedural end-run around Title VII's 90-day statute of limitations." Brief at 7. Walgreen asserts: "[B]y choosing to

---

[1] Walgreen has not disputed that it had actual notice before proper service and that it was aware of the case before formal service.

file the Complaint on the 83rd day, but then waiting to serve the [C]omplaint for more than five months, Plaintiff has effectively avoided the statutory requirements for filing suit under Title VII." Brief at 7.  Walgreen maintains that, if the Court allows Padilla to take advantage of the Court's "more forgiving" discretionary analysis under rule 4(m) without having to account for what is a more rigorous procedural analysis pertaining to the statute of limitations, the Court would "essentially eviscerate Title VII's filing requirements."  Brief at 7.

Padilla responds that the Court should deny Walgreen's motion for two primary reasons. First, according to Padilla, Walgreen has no standing to pursue this motion because rule 4(m) does not contain a provision permitting a defendant to seek dismissal under its provisions.  See Response in Opposition to Defendant's Motion to Dismiss (Docket No. 3) at 1, filed May 29, 2009 (Doc. 7)("Response").  Second, Padilla asserts that Walgreen improperly refused to accept informal service of process as part of a plan to delay this lawsuit so that, when formal service was completed, it could then seek dismissal under rule 4(m).  See Response at 2.  Padilla contends that the Court should deny Walgreen's motion "so as to discourage such shark litigation practices in the future." Response at 2.

At the hearing, Walgreen's counsel stressed that this case arises out of Title VII, where Congress has set in place a strict, ninety-day deadline for filing a lawsuit.  See Transcript of Hearing at 7:22-8:9 (taken July 14, 2009)(Mann)("Tr.").[2]  Thus, in Walgreen's view, while rule 4(m) gives courts broad discretion to extend the time for service of process, the Court should be wary of granting extensions of or otherwise excusing late service in the context of Title VII.  See Tr. at 7:22-8:9 (Mann).  Finally, Walgreen's attorney stated: "[A]s somebody who always feels constrained to

---

[2]  The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

follow the rules, it seems to me that at some point we have to stop eviscerating the rules by exercising discretion to avoid them." Id. at 9:21-24 (Mann).

Padilla explained at the hearing that, if she is guilty of anything, it is of being too patient with Walgreen in allowing it time to accept informal process. See id. at 11:11-15 (Lyle). Padilla also noted that Walgreen received the materials it sent in December 2008, and that it would be unfair to reward Walgreen for being uncooperative. See id. at 11:23-25 (Lyle). Finally, Padilla conceded that the rules of civil procedure permit a motion such as the one Walgreen filed in this case. See id. at 12:19-20 (Lyle).

## RULES 4(m) AND 12(b)(5)

While rule 4 establishes the proper procedures and timing for service of process, rule 12(b)(5) presents litigants with a mechanism for raising a defense of insufficient service of process. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984). "[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).

**1.      Rule 4(m).**

Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Rule 4(m) thus provides the time limitation – 120 days – within which service of process must be executed. Rule 4(m) provides that a district court must extend the time for

service if a plaintiff shows good cause.  See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)(holding that, upon a showing of good cause, rule 4(m)'s exception is mandatory).

Furthermore, "if the plaintiff fails to show good cause, the district court must still consider whether a permissible extension of time may be warranted.  At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service."  Espinoza v. United States, 52 F.3d at 841.  The advisory committee notes to the 1993 amendment also state that rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."  Fed. R. Civ. P. 4, Advisory Committee Notes at 56 (2008).

While a dismissal for failure to timely serve is without prejudice, rule 4(m) can interact with a statute of limitations, such that the dismissal without prejudice might, upon refiling, result in a defense that the statute of limitations on the claim has run.  Some federal courts have held that, although the statute of limitations is tolled during the 120-days after filing, "if a plaintiff fails to effect service during the 120 days allotted by Rule 4(m), then the statute of limitations for the underlying claim again becomes applicable, and may serve to bar the claim if the statute runs before the plaintiff files another complaint."  Ocasio v. Fashion Inst. of Tech., 86 F.Supp.2d 371, 376 (S.D.N.Y. 2000).  See Frasca v. United States, 921 F.2d 450, 452, 453 (2d Cir. 1990).  On the other hand, the Advisory Committee's Notes on rule 4(m) discuss courts' discretionary power to excuse untimely services, stating: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Advisory Committee Notes to the 1993 Amendment at 56.

   2.    **Rule 12(b)(5).**

Rule 12(b)(5) permits the dismissal of a complaint for "insufficiency of service of process."

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). Extensive participation in the litigation process may constitute acceptance of the Court's jurisdiction over all claims and defenses. See, e.g., Datskow v. Teledyne, 899 F.2d 1298, 1303 (2d Cir.)(finding that, even though faulty-service-of-process defense was asserted in timely answer, the defendant waived objection by participating in scheduling discovery and motion practice and attending conference with magistrate), cert. denied, 498 U.S. 854 (1990). In Datskow v. Teledyne, the defendant attended a scheduling conference with the magistrate judge, and participated in scheduling discovery and motion practice, without mentioning defective service of process. See 899 F.2d at 1303.

The United States Court of Appeals for the Fifth Circuit has recognized the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections." PaineWebber, Inc. v. Manhattan Private Bank (Switzerland), 260 F.3d 453, 459 (5th Cir. 2001). Further, "a party can be held to have waived a defense listed in Rule 12(h)(1) through conduct, such as extensive participation in the discovery process or other aspects of the litigation of the case even if the literal requirements of Rule 12(h)(1) have been met. . . ." 5C C. Wright & A. Miller, Federal Practice & Procedure § 1391 (3d ed. 2004).

## ANALYSIS

Padilla failed to properly serve Walgreen within the 120 days that rule 4(m) requires. Padilla's Complaint was not timely served, and Padilla has no good-cause explanation for the delay. Contrary to Walgreen's assertions, however, there is justifiable reason for the Court to exercise its discretion to lengthen the time for effecting service. The Court will therefore excuse the delay in service of process and will extend the time for Padilla to complete service.

## I.  SERVICE OF PROCESS WAS UNTIMELY.

Padilla does not dispute that service was untimely.  Padilla filed her suit on November 26, 2008.  Accordingly, the rules required that Padilla serve Walgreen by March 26, 2009.  See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant. . . .").  Padilla did not effectuate service, however, until May 4, 2009, approximately forty days after the expiration of the 120-day deadline.  Walgreen contends that the Court should dismiss Padilla's Complaint for untimely service.  Walgreen further asserts that the statute of limitations bars refiling because of Padilla's failure to effect timely service.

Padilla argued in his briefing that Walgreen does not have standing to bring its motion.  See Response at 2.  At the hearing, however, Padilla correctly conceded that this argument is incorrect.  Rule 4(m) states: "If a defendant is not served within 120 days after the complaint is filed, the court – *on motion* or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . ."  Fed. R. Civ. P. 4(m) (emphasis added).  The rules therefore contemplate motions such as the one Walgreen filed here.  Walgreen had standing to move for dismissal on the grounds that it was not timely served, and given that there is no dispute that Padilla missed the deadline, the Court must grant the motion unless Padilla shows good cause for non-dismissal, or unless the Court believes, in its discretion, that an extension would be appropriate.

## II.  PADILLA HAS NOT ESTABLISHED GOOD CAUSE REQUIRING AN EXTENSION OF TIME TO SERVE WALGREEN.

A Court must, under rule 4, excuse untimely service of process on a showing of good cause.  See Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Espinoza v. United States, 52 F.3d at 841 (holding

that, upon a showing of good cause, rule 4(m)'s exception is mandatory).

"[T]he good cause provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (internal quotation marks and citations omitted).  The United States Court of Appeals Tenth Circuit in Despain v. Salt Lake Area Metro Gang Unit was dealing with rule 4(j), which became rule 4(m) under the 1993 amendments to the Federal Rules of Civil Procedure.  Since its decision in Despain v. Salt Lake Area Metro Gang Unit, the Tenth Circuit has stated that the good-cause analysis that it applied in the 4(j) context continues to apply to 4(m).  See Espinoza v. United States, 52 F.3d at 841.

The Court does not believe that Padilla has been "meticulous in her efforts to comply with the Rule" such that she has shown good cause for delaying service.  It may be true that she relied on the good faith of Walgreen, and was attempting to be courteous and patient while awaiting a waiver of formal service of process.  Even so, as the 120-day period approached and Padilla had not obtained a waiver of formal service from Walgreen, vigilance would have dictated that she effectuate formal service to prevent the running of the deadline.  As Walgreen has correctly pointed out, the process for formal service was not uniquely difficult.  Walgreen has an appointed agent in the State of New Mexico – Prentice Hall Corp. System – who can receive service of process.  There is no contention that Walgreen attempted to evade service.

An examination of Tenth Circuit case law further supports the Court's finding that Padilla has not shown good cause.  The Tenth Circuit has found that there was not good cause for plaintiffs' failure to effect proper service even though the statute of limitations had run, the plaintiffs' counsel had misinterpreted the applicable rule of procedure, the defendants allegedly failed to show that they would be prejudiced by an extension, and the defendants may have had actual notice of the lawsuit.

-9-

See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439.  Moreover, in another case, the Tenth Circuit stated that a pro-se plaintiff did not show good cause for his failure to properly serve the defendants even though he argued that he did not know the identities of the defendants before the 120-period expired.  See DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993).  The Tenth Circuit in DiCesare v. Stuart, noting that the plaintiff could have ascertained the defendants' identities within the 120-day period, explained: "A pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."  DiCesare v. Stuart, 12 F.3d at 980.

The Tenth Circuit cases therefore indicate that good cause is a narrow concept in the context of timely service of process.  Similar to the plaintiffs in Despain v. Salt Lake Area Metro Gang Unit, Padilla has argued that Walgreen was not prejudiced and that it received actual notice of the lawsuit.  Moreover, like the plaintiffs in Despain v. Salt Lake Area Metro Gang Unit, the statute of limitations has potentially run on her claim if the Court does not extend the time for service.  Under Despain v. Salt Lake Area Metro Gang Unit, those factors, even in the aggregate, did not give rise to good cause.  Here, those factors, even when combined with the attempts to obtain a waiver of formal notice, do not arise to the level of good cause.

The Court believes that the key to the good-cause exception under Tenth Circuit case law is that the plaintiff be meticulous in their efforts to follow the rules.  See Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1438.  Such a requirement makes sense, given that an extension for good cause is mandatory.  To be entitled to a mandatory extension for service of process, a plaintiff should be making his or her best effort to comply with the rules.  Padilla has not shown that level of diligence.

**III.    THE COURT WILL EXERCISE ITS DISCRETION TO EXTEND THE PERIOD OF TIME TO SERVE WALGREEN.**

The Tenth Circuit has set forth the proper proceedings that a district court must follow under rule 4(m):

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

Espinoza v. United States, 52 F.3d at 841.  The Court finds that Padilla has not shown good cause for her failure to timely serve Walgreen.  Having reached that conclusion, the Court must still consider whether Padilla is entitled to a permissive extension.  Weighing the circumstances presented in this case against what it has done in the past, the Court believes that various factors counsel in favor of the Court exercising its discretion and excusing the untimely service.  The Court finds that, while some of these factors, such as the statute of limitations, did not give rise to a mandatory extension, they weigh in favor of a discretionary extension.

First, the Court notes that Padilla was not dilatory in her efforts to serve Walgreen.  Walgreen does not dispute that Padilla attempted to obtain a waiver of formal service.  Furthermore, Walgreen received actual notice of the lawsuit.  Thus, Walgreen suffered little, if any prejudice from the delay in formal service.  On the other hand, a dismissal in this case would be a severe sanction against Padilla.  Padilla has not disputed that the statute of limitations has run on her claim if the Court does not extend the time to serve Walgreen.  She filed on the eighty-third day of the ninety-day period for filing her claim.  While Walgreen concedes that the statute of limitations was tolled during the 120-period for service of process, it argues that the clock began running again after the

-11-

120-period expired.  If the clock began running at the end of the 120-days, then the statute of limitations would be expired at this point, given that Padilla filed approximately forty days after the 120-period ran out.  A dismissal would therefore effectively be with prejudice, because Padilla's lawsuit would now be time-barred.  This result is the one Walgreen seeks.  While the Court need not decide whether the statute of limitations begins running at the end of the 120-day period, the Court considers the potential running of the statute of limitations as a factor in determining whether to grant an extension.  The Court ultimately believes that to indulge Walgreen's arguments in this regard would be unfair and would encourage unproductive litigation tactics.

The Advisory Committee contemplated the circumstances presented in this case, in which the statute of limitations would potentially bar refiling of the lawsuit after dismissal without prejudice under rule 4(m).  The Advisory Committee states: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."   Advisory Committee Notes to the 1993 Amendment at 56.

The Tenth Circuit has stated:

> We need not decide whether the provisions of new Rule 4(m) apply to this case. Under the new rule, the grant of additional time remains discretionary with the district court. That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m). See Fed.R.Civ.P. 4(m) advisory committee's note ("Relief *may* be justified, for example, if the applicable statute of limitations would bar the refilled action. . . .")(Emphasis added.).

Cloyd v. Arthur Andersen & Co., Inc., 25 F.3d 1056 (Table), at *3 (10th Cir. 1994).   The Tenth Circuit affirmed the district court's dismissal for defects under rule 4(j), which was the predecessor to rule 4(m).  The Tenth Circuit noted that its review was for abuse of discretion and found that the district court had not abused its discretion in refusing to grant an extension.  See Cloyd v. Arthur

Andersen & Co., Inc., 25 F.3d 1056 (Table), at *3.

Courts in the other circuits appear to be in agreement that the potential running of the statute of limitations is a factor that weighs against dismissal.  Citing the Advisory Committee Notes, the United States Court of Appeals for the Eleventh Circuit has held that district courts should consider the possible running of the statute of limitations when deciding whether to allow an extension for service of process.  See Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  In Lepone-Dempsey v. Carroll County Com'rs, the district court had dismissed without prejudice a plaintiff's claim for untimely service even though the statute of limitations had already run.  See id.  The Eleventh Circuit stated: "Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor."  Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d at 1282.  See Mann v. American Airlines, 324 F.3d 1088, 1090-91(9th Cir. 2003)(noting that district court has discretion to extend deadline for service of process when the statute of limitations might bar refiling)(citing Advisory Committee Notes to the 1993 Amendment); Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 341 (7th Cir. 1996)(stating that "it is incumbent" on district courts to consider the possible passage of the statute of limitations when considering whether to grant an extension under rule 4(m)).  The United States Court of Appeals for the Third Circuit has explained that, "[i]nterpreting this rule, under which the court may extend the time for service to avoid the bar of limitations, to authorize the court to refuse to extend it so the defendant may gain the benefit of that bar appears to us to be inconsistent with its purpose."  Boley v. Kaymark, 123 F.3d 756, 758 (3rd Cir. 1997).

The Court believes that, in this case, dismissing Padilla's case for failure to timely serve process would be overly harsh.  The Tenth Circuit has at least noted that a district court may grant

an extension if the statute of limitations might bar refiling. Dismissal with prejudice – which is what Walgreen seeks here – is a result that rule 4(m) typically does not contemplate. The Court therefore views the potential statute of limitations defense as a factor weighing against, rather than in favor, of dismissal.

Walgreen cites out-of-circuit case law to support the proposition that the running of the statute of limitations makes it proper for a court to dismiss a cause of action and to bar refiling. The Court finds this case law unpersuasive in light of the circumstances of this case. First, the Tenth Circuit has agreed that the potential statute-of-limitations problem is one factor that may justify an extension. See Cloyd v. Arthur Andersen & Co., Inc., 25 F.3d 1056 (Table), at *3. Second, the Advisory Committee pointed out the statute of limitations as a concern weighing in favor of extensions. The Court therefore sees its positions as consistent with that of the Tenth Circuit.

Moreover, certain cases Walgreen cites are distinguishable on their facts. For example, in one case, upon which Walgreen principally relies, a district court sua sponte issued an order directing a plaintiff for whom the 120-period had passed to show that defendant had been served or to give good cause why service was not complete. See Ocasio v. Fashion Institute of Technology, 86 F. Supp.2d 371, 373 (S.D.N.Y. 2000). A month after the court's order issued, the plaintiff filed an unsworn declaration stating that he timely requested the United States Marshals Service to serve the summons and complaint. See id. The process form, signed by the plaintiff, however, bore a later date that fell outside the 120-day period. See id.

In light of the perceived discrepancy, the district court in Ocasio v. Fashion Institute of Technology issued an order directing the plaintiff to submit an affidavit setting forth the reasons for his failure to timely serve the defendants. See id. After nearly a month passed, the plaintiff submitted an unsworn affidavit repeating his prior assertions regarding timely service. See id. The

-14-

district court in <u>Ocasio v. Fashion Institute of Technology</u> then set a hearing to determine whether the plaintiff's assertions regarding timely service where true.  The plaintiff failed to appear at the hearing, did not request an adjournment, and did not otherwise contact the court.  <u>See</u> <u>id.</u> Accordingly, the district court dismissed the complaint without prejudice.  <u>See</u> <u>id.</u>

Approximately three months after dismissal, the plaintiff in <u>Ocasio v. Fashion Institute of Technology</u> refiled his action, and the defendants moved for dismissal on the grounds that the claims were time-barred.  <u>See</u> <u>id.</u> at 374.   In granting the motion to dismiss, the district court in <u>Occasion v. Fashion Institute of Technology</u> noted that, according to law from the United States Court of Appeals for the Second Circuit, while the statute of limitations is tolled during the 120-day period, it begins running thereafter if a plaintiff has not completed service.  <u>See</u> <u>id.</u> 376.  The court then noted that equitable tolling would not be proper because:

> In the prior action, the Court determined that plaintiff failed to request the Marshals to effect service on the defendants until 125 days after the Court filed his complaint . . . .  After giving plaintiff every reasonable opportunity to explain his failure to contact the Marshals within 120 days after the Court filed his complaint, plaintiff's only response (that he asked the Marshals to serve within the 120 days), was flatly contradicted by the evidence that he submitted in support of his explanation. The Court, instead of dismissing plaintiff's complaint outright, directed plaintiff to appear for a hearing to explain this discrepancy. Plaintiff failed to appear at this hearing, request an adjournment or otherwise contact the Court.  Thus, only after permitting plaintiff two opportunities to submit written explanations, and after plaintiff failed to appear at the hearing, did the Court determine that he failed to comply with Rule 4(m) and dismiss his complaint without prejudice.

<u>Ocasio v. Fashion Institute of Technology</u>, 86 F. Supp.2d at 376.  In other words, the plaintiff had received generous opportunities to correct deficiencies and had failed to do so over a period of months.

<u>Ocasio v. Fashion Institute of Technology</u> therefore does not compel dismissal with prejudice in this case.  First, the district court in <u>Ocasio v. Fashion Institute of Technology</u> was

dealing with a slightly different issue – namely, whether to dismiss a refiled suit that was previously dismissed.  In contract, this motion is more in line with the procedural posture of the first-dismissed lawsuit in <u>Ocasio v. Fashion Institute of Technology</u>, where the district court was dealing with the question whether to dismiss on 4(m) grounds.  In that case, the district court gave the plaintiff numerous opportunities to explain and correct the deficiencies in service.  Indeed, the district court in the first case in <u>Ocasio v. Fashion Institute of Technology</u> did not dismiss the case until nearly four months after the 120-day time period.

Here, unlike the plaintiff in <u>Ocasio v. Fashion Institute of Technology</u>, Padilla was approximately six weeks over the time limit on completing formal process.  Even then, she was not completely sitting on her hands.  Instead, she made a timely attempt to seek a waiver of formal process.  Although Walgreen "has a duty to avoid unnecessary expenses of serving the summons" Fed. R. Civ. P. 4(d)(1), it chose not to accept informal service.  It appears that Padilla gave Walgreen more time than she should have.  At the same time, Walgreen did not inform Padilla that it would reject informal process.  While the Court does not believe that Walgreen's approach was a "shark" litigation tactic, as Padilla has characterized it, Walgreen's actions may not have been in full conformity with the spirit of the rules.  In any case, Padilla's failings are less severe than those of the plaintiff in <u>Ocasio v. Fashion Institute of Technology</u> and have not risen to the level of meriting a dismissal that may be tantamount to a dismissal with prejudice.

In another case upon which Walgreen relies, the United States Court of Appeals for the Second Circuit upheld dismissal of a complaint where the plaintiff made no effort to properly effectuate service of process on the defendant – the United States – until more than seven months after filing the complaint.  <u>See</u> <u>Frasca v. United States</u>, 921 F.2d 450, 451 (2d Cir. 1990).  Approximately thirty days before the 120-time period ran, the defendant in <u>Frasca v. United States</u>

-16-

filed an answer alleging insufficiency of process. See id. Even after receiving notice, through the answer, that service of process was deficient, and even though the plaintiff had a month of time to correct the error, the plaintiff in Frasca v. United States did nothing for several more months. See id. In light of those circumstances, the district court granted the motion to dismiss, and the Second Circuit affirmed. See id. at 453.

Frasca v. United States is not applicable to this case for two reasons. First, the plaintiff's actions in Frasca v. United States were dilatory, and the defendant was forthright in pointing out the deficiency in service of process before the clock ran. In contrast, Padilla was attempting to further process set forth in rule 4(d) of allowing the Walgreen to waive formal service. Rather than notifying Padilla that it would not accept informal service, Walgreen decided to wait and see what would happen. While it may have been Walgreen's prerogative to wait and see if Padilla would complete service, the Court does not believe Padilla was behaving in the same dilatory fashion as the plaintiff in Frasca v. United States.

Second, and more important, Frasca v. United States was decided before the 1993 amendments to rule 4, in which the permissive extension was added. It is impossible to say whether the Second Circuit would have used its discretion to extend the time for filing even without a showing of good cause because, at the time of Frasca v. United States, the way out of a dismissal for untimely service was good-cause, which the plaintiff did not show. Frasca v. United States is therefore not helpful in determining the correct course of action in this case.

The Court finds another case upon which Walgreen relies to be unpersuasive because the case appears to misapply the standard it sets forth as governing its decision. That case is Amnay v. Del Labs, 117 F. Supp.2d 283 (E.D.N.Y. 2000). In Amnay v. Del Labs, a plaintiff filed an employment-discrimination claim on the eighty-first day of a ninety-day statute-of-limitations

period.  See id. at 287.  The pro-se plaintiff in Amnay v. Del Labs at first made defective attempts

to serve process that the district court found to be insufficient under the governing law.  See id.  The

district court in Amnay v. Del Labs noted that the 120-day period was past for effecting service

process and stated:

> In considering whether to excuse a plaintiff's failure to serve the summons within
> 120 days of filing the action, courts have considered (i) whether the applicable
> statute of limitations would bar the refiled action; (ii) whether the defendant had
> actual notice of the claims asserted in the complaint; (iii) whether the defendant had
> attempted to conceal the defect in service; and (iv) whether the defendant would be
> prejudiced by the granting of plaintiff's request for relief from the provision.

Id.  After setting forth the applicable factors to consider in excusing a delay in service of process,

the court in Amnay v. Del Labs held:

> While this Court would be inclined to relieve the consequences of the Plaintiff's
> failure to comply with Rule 4(m), it appears such relief would nevertheless be moot.
> A plaintiff is required to file a complaint in a Title VII action within 90 days of the
> issuance of a right to sue letter by the EEOC. 42 U.S.C. § 2000e-5(f)(1). This 90-day
> requirement is in the nature of a statute of limitations, and thus subject to tolling. .
> . . While the filing of a complaint tolls a statute of limitations, failure to complete
> service of the summons within 120 days as required by Rule 4(m) ends the tolling
> period, and the statute of limitations once again begins to run . . . .

Amnay v. Del Labs, 117 F. Supp.2d at 287.  In other words, while district court in Amnay v. Del

Labs recognized that a statute of limitations barring refiling would be a factor in favor of relieving

the consequences of a failure to comply with rule 4(m), the court's final analysis took the opposite

tack and declined to excuse the delay because the statute of limitation had run.  The Court finds such

reasoning and result to be unpersuasive.

All of the factors that the district court cited in Amnay v. Del Labs would counsel in favor

of excusing delay in this case.  First, the applicable statute of limitations arguably bars refiling in

this case.  Second, Walgreen had actual notice because it received the materials containing the

request to waive formal service in December 2008.  Third, there is an allegation that Walgreen

-18-

attempted, not to conceal in defect in service, but to refrain from taking any action on the request for waiver of formal service until the 120-day period passed.  The Court does not assume that Walgreen acted in bad faith, but notes at least that Walgreen did not make any attempt to let Padilla know that it would not accept informal service.  Fourth, it is difficult to see the prejudice that Walgreen would suffer because of an extension of time other than that it will have to litigate the case as opposed to not litigating it.  In short, Amnay v. Del Labs does not persuade the Court that it should dismiss Padilla's suit and leave her to the mercy of an arguably expired statute of limitations.

Walgreen has now been served with the summons and the Complaint in this case.  The Court routinely issues notices to plaintiffs in civil actions advising them when a complaint has not been served after the 120-day deadline has passed and setting a deadline in which to do so.  Padilla did not, however, wait for such an order to issue from the Court, but instead proceeded to attempt to rectify any delay in service by serving Walgreen before any court-issued warning.  In that sense, Padilla has been more diligent that the plaintiffs in other cases who have effected service only after the Court issues them a notice that dismissal is imminent.  It seems to indicate an unwarranted disparity among similarly situated plaintiffs for the Court to treat Padilla differently than it does other plaintiffs who miss the 120-day deadline.

In a case similar to this one, in which Walgreen's attorney was counsel of record, this Court declined to dismiss a complaint for failure to timely serve where a plaintiff missed the deadline by approximately forty days, and where the plaintiff did not show good cause for an extension.  See Mata v. Anderson, 2009 WL 1216706, at *22-25 (D.N.M.).  In Mata v. Anderson, the Court dealt with arguments that are nearly identical to those that Walgreen now raises – namely, that where the statute of limitations has run if no extension is given, and the plaintiff has failed to timely serve until nearly forty days beyond the 120-day time period, and has failed to show good cause, the Court

should dismiss with prejudice.  See id.  Without deciding that the statute of limitations would bar

Mata's § 1983 claim, the Court, citing the comments to rule 4, stated that a potential statute-of-

limitations problem counseled in favor of a discretionary extension.  See id. at *24 ("If anything,

the specter of Mata's claim being barred by the statute of limitations weighs against dismissal for

failure to timely serve in this case.").

>    The Court in Mata v. Anderson also reasoned:
>
>    The delay was not inordinate, prejudicial, or intentional, and the First Amended
>    Complaint has been served. Anderson has been, albeit untimely, properly served, and
>    he has filed an Answer. The argument that he raises is not one of invalidity of the
>    service for any reason other than timeliness. The service was not effected within the
>    120 days that the rule requires, but was more timely effected than in many other
>    cases in which the Court has issued warnings to plaintiffs and given a deadline
>    within which to serve the complaint.

Id. at *22.  The delay in this case is similar to that in Mata v. Anderson – approximately forty days.

Moreover, the only defect Walgreen points to, like the defendant in Mata v. Anderson, is

untimeliness.  As in Mata v. Anderson, Walgreen has now been served, and in fact had received

informal but actual notice of the lawsuit soon after it was filed.  Finally, Padilla completed service

without the benefit of a warning from the Court.  Given the similarities between this case and Mata

v. Anderson, the Court believes dismissal would be improper.  In the six months since the Court

decided Mata v. Anderson, the Court has not seen anything to call into question the propositions it

set forth therein.

>    As a final point, the Court finds less significance in the fact that this case arises out of Title

VII, with its stringent ninety-day deadline, than does Walgreen.  It may be true that the Title VII

deadline is strictly construed, as Walgreen represents – though Walgreen does not make clear what

it means to "strictly construe" the statute of limitations.  Even so, there is no legal authority for the

proposition that a short statute of limitations for the substantive cause of action alters the command

of the rules of civil procedure. There is nothing in rule 4 that suggests that the length of the statute of limitations, or the strictness with which it is construed, alters the application of the rules for timely service of process. Moreover, there does not appear to be a sound reason to change an analysis under the Federal Rules of Civil Procedure – where certainty is a necessity – depending on the length of the statute of limitations. The statute of limitations is what it is, determined by state legislatures or by Congress; rule 4(m) is a federal rule of civil procedure. The Court does not believe the length of a statute of limitations created by a state legislature or by Congress should impact the operation of a Court rule designed to be generally applicable to federal civil cases. Consistent application of the rule appears to be the more prudent approach. If Congress does not like the Courts' approach to rule 4(m), it can change it, but to make the rule variable depending on the length of the statute of limitations in the substantive action strikes the Court as an unwarranted interference with legislative powers.

Nor does the Court believe that permitting an extension in this case would result in an end-run around Title VII's statute of limitations. At the end of the day, to meet the statute of limitations, plaintiffs must still file their complaint in a timely fashion. The Court sees minimal incentive for plaintiffs to use rule 4(m) as their way of circumventing the statute of limitations in Title VII. There is little to be gained from filing a complaint near the end of the statute of limitations period, then delaying service of process to seek an extension of time to serve process. Walgreen's fears of opening a wormhole around the Title VII statute of limitations via rule 4(m)'s discretionary extension are therefore unfounded.

While various factors weigh in favor of granting the extension, few point in the direction of dismissal. The Court agrees that, ultimately, Padilla bore the responsibility of completing service of process. Rule 4(d) requires a plaintiff to allow at least thirty days for defendants to waive formal

service.  See Fed. R. Civ. P. 4(m).  When the months began to pass, however, and a defendant, such

as Walgreen,  has not accepted informal service and/or has not given an indication of what it wishes

to do, a plaintiff should proceed to formal service.  Rule 4(d) would then allow the plaintiff to pursue

fees.

Nevertheless, the balance of factors points toward an extension.  Accordingly, while the

Court finds that service was untimely, and while there was no good cause for the failure to timely

serve, the Court will exercise its discretion and excuse the delay.  The Court will therefore not

dismiss the Complaint.

**IT IS ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint for Failure

to Timely Serve is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

James P. Lyle
Albuquerque, New Mexico

  *Attorney for the Plaintiff*

Lisa Mann
Tonn K. Peterson
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Defendant*